IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADOLFO CARRILLO,

    Petitioner

    v.

CHARLES ZIMMERMAN, et al.,

    Defendant.

87-cv-2664

## MEMORANDUM

YOHN, J.                                                                                                           August 11, 2014

      Pennsylvania state prisoner Adolfo Carrillo has filed a pro se motion pursuant to Fed. R. Civ. P. 60(b)(6) to vacate the 1988 order of this court denying his petition for a writ of habeas corpus.

      In 1976, Carrillo was convicted of first degree murder and sentenced to life in prison for the shooting death of Santiago Garcia in Philadelphia. The Pennsylvania Supreme Court affirmed Carrillo's life sentence in 1978, *see Com. v. Carrillo*, 483 Pa. 215 (1978). The Pennsylvania Superior Court denied subsequent state petitions for collateral relief in 1983 and 1986, *see Com. v. Carrillo*, 319 Pa. Super. 115 (1983) and *Com. v. Carrillo*, 356 Pa. Super. 601 (1986), and the Pennsylvania Supreme Court denied allocatur on October 8, 1986.

      On May 7, 1987, Carrillo filed a pro se petition for a writ of habeas corpus under 22 U.S.C § 2254 in the Eastern District of Pennsylvania. On June 15, 1988, the Hon. Marvin Katz

issued an order denying and dismissing Carrillo's petition.[1] On June 28, 1988, Carrillo filed a notice of appeal, and on October 7, 1988, the Third Circuit denied Carrillo's motion for a certificate of probable cause.

On January 29, 2014, Carrillo filed the instant motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate Judge Katz's 1988 order.[2] Carrillo seeks to reinstate his original habeas petition to allow further briefing on the basis that he is actually innocent of first degree murder. To this effect, Carrillo points to the Supreme Court's decision last year in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), which recognized an equitable exception based on actual innocence to the one year statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d).

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for any reason other than those listed elsewhere in the Rule." *Cox v. Horn*, __ F.3d __, 2014 WL 3865836 (3d Cir. Aug. 7, 2014). *See* Fed. R. Civ. P. 60(b)(6). "[C]ourts are to dispense their broad powers under 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Id*. A Rule 60(b)(6) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Carrillo filed the instant motion to vacate more than a quarter-century after Judge Katz's order denying his petition. Reopening his habeas petition under such circumstances would come

---

[1] The basis of Judge Katz's denial is unknown to the parties and to the court. Although the docket from Carrillo's original habeas petition has survived the past 25 years, Judge Katz's order and/or any associated memorandums have not.

[2] Carrillo's motion is entitled "Motion to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed. R. Civ. P. 60(b)(3)(6) . . . ." There is no such provision in the Federal Rules of Civil Procedure. Nevertheless, it is clear that Carrillo makes his motion under Rule 60(b)(6): his cover sheet describes his motion as a motion under Rule 60(b)(6), and his memorandum makes four specific references to Rule 60(b)(6), including references to "this 60(b)(6) motion" and "Petitioner's 60(b)(6) motion." Carrillo does not reference Rule 60(b)(3) at any point in his memorandum, nor does he raise any issues of fraud, misrepresentation, or misconduct by an opposing party that would be the basis of a Rule 60(b)(3) motion.

at a high cost to finality. Moreover, the principle that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief has been operative in habeas law since at least 1995. *See, e.g.*, *Schlup v. Delo*, 513 U.S. 298 (1995). By waiting until now to seek vacatur of the order denying his petition, Carrillo did not file his motion in a reasonable time. *Cf. Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion to vacate two-year-old order was not filed in a reasonable time)). Accordingly, Carrillo's motion is untimely. *See* Fed. R. Civ. P. 60(c)(1).

Timeliness aside, Carrillo presents no evidence to show that actual innocence entitles him to substantive review of his claims. "Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). Carrillo does not come close to making this showing: he admits to shooting Garcia, and he does not present any new evidence in support of his contention that he acted in self-defense**.**

An appropriate order follows.